**YELLOW CAB COMPANY, Petitioner-Appellant,**

v.

**DEMOCRATIC UNION ORGANIZING COMMITTEE, LOCAL 777, S. I. U. N. A., AFL-CIO, Defendant-Appellee.**

No. 16688.

United States Court of Appeals
Seventh Circuit.

July 15, 1968.

■■■■■■■■

———◆———

Robert E. Haythorne, of Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for petitioner-appellant.

Irving M. Friedman, Harold A. Katz, of Katz & Friedman, Chicago, Ill., for defendant-appellee.

Before HASTINGS, FAIRCHILD and CUMMINGS, Circuit Judges.

HASTINGS, Circuit Judge.

Yellow Cab Company appeals from a judgment order of the district court entered January 12, 1968 enforcing an arbitration award and denying appellant's motion for summary judgment vacating the award. Appellant, a Maine corporation, operates a fleet of taxicabs in Chicago, Illinois. Appellee union[1] (the union) is the certified collective bargaining agent of appellant's drivers.

On May 10, 1966, appellant discharged Harold Ray, one of its cab drivers, on the ground that he was unsuitable for employment as a driver. The union intervened on Ray's behalf at a grievance meeting on May 13. At that meeting appellant refused to reconsider its discharge of Ray. There was no further communication on the matter between appellant and the union until ten weeks later when the union, at a regular grievance meeting, attempted to discuss the reinstatement of Ray. Appellant refused to discuss the matter. Two weeks later, on August 5, 1966, the union requested arbitration.

At the outset of arbitration proceedings appellant challenged the arbitrability of the dispute, contending the union had not complied with contractual requirements that grievances be submitted in writing and that requests for arbitration be submitted within twenty days after the Company's adverse decision on a grievance.[2]

The arbitrator rejected the first of these contentions on the ground that appellant had not previously enforced the writing requirement, although numerous grievances had been processed. He rejected the second contention on the ground that the twenty-day limitation on requests for arbitration should be measured from the date of the last discussion of Ray's discharge between appellant and the union. The arbitrator construed the arbitration provision of the contract as having the purpose of encouraging voluntary settlement of grievances prior to arbitration. He found that many discharge grievances concerning appellant's drivers had been settled in the course of time by reinstatement and concluded that the purpose of the grievance procedure would be frustrated if the contract were narrowly construed to require resort to arbitration within twenty days of the Company's first denial of a grievance. As he saw it "the issue * * * is whether or not there was a reasonable basis for the union's belief. that the grievance was still open for discussion and possible settlement." He found that there was.

On the merits the arbitrator concluded that Ray's discharge was unjust. He

---

1. Democratic Union Organizing Committee, Local 777, S.I.U.N.A., AFL-CIO.

2. ARTICLE IV—SUSPENSION, DISCHARGE AND LAYOFFS—GRIEVANCE PROCEDURE
 * * * * *
 Section 5 * * *
 (a) A statement in writing signed by the aggrieved employee of his version of the controversy which led to his suspension or discharge shall be submitted to the representative of the Company, together with the written statement of the grievance.
 * * * * *

ARTICLE V—ARBITRATION
Section 1—If the parties herein shall be unable to reach a settlement of a grievance, either party may submit the grievance to arbitration by sending to the other party by registered or certified mail within twenty (20) days * * * a notice in writing in which the matter to be arbitrated is clearly set forth.

awarded Ray back pay in the amount of $3,033.66. However, he denied reinstatement, finding that a letter which Ray wrote to appellant's insurance carrier following his discharge revealed a motivation that disqualified him as an employee.

Appellant petitioned the district court on May 26, 1967 to vacate the arbitrator's award on grounds that he exceeded his power and displayed evident bias and partiality. The union cross-petitioned for enforcement of the award, and both parties moved for summary judgment. The court, in its memorandum order granting summary judgment for the union, refused to review the arbitrator's determination of the procedural questions and found that the arbitrator neither exceeded his authority nor displayed bias or partiality.

■ The first question presented by this appeal is whether the arbitrator's decision on questions of procedural arbitrability are subject to judicial review. The Supreme Court has held that disagreements concerning procedural arbitrability should not be considered as separate disputes, but as aspects of the dispute which called the grievance procedure into play and should therefore be left to the arbitrator. John Wiley & Sons v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). It cannot be supposed that the courts, recognizing the arbitrator's exclusive authority to determine procedural questions, may upset the arbitrator's determination in a review proceeding, unless it is arbitrary, capricious or not adequately grounded on the applicable collective bargaining agreement. See Dallas Typographical Union No. 173 v. A. H. Belo Corp., 5 Cir., 372 F.2d 577 (1967).

■■ The arbitrator's resolution of procedural questions is a part of his decision on the merits of the dispute, as the Supreme Court suggested in *Wiley*. As such, it is subject to the limited standard of review annunciated in United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960):

"[A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." 363 U.S. at 597, 80 S.Ct. at 1361. Torrington Co. v. Metal Products Workers Union Local 1645, 2 Cir., 362 F.2d 677 (1966).

■ The arbitrator's decision, including his resolution of the procedural questions, clearly draws its essence from the contract. Appellant does not suggest that his decision on the merits is not based on the contract. His decision that compliance with the requirement of written grievances had been excused was based on the parties' practical construction of the contract. "The labor arbitrator's source of law is not confined to the express provisions of the contract, as the industrial common law—the practices of the industry and the shop—is equally a part of the collective bargaining agreement although not expressed in it." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 581–582, 80 S.Ct. 1347, 1352, 4 L.Ed. 2d 1409 (1960). The arbitrator's decision that the period of limitation for filing arbitration requests runs from the parties' last discussion of the grievance was based on his interpretation of the contract in light of the practice of the shop.

■ We do not sit to pass upon the arbitrator's construction of contractual provisions. "[T]he question of interpretation of the collective bargaining

agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." United Steelworkers of America v. Enterprise Wheel & Car Corp., supra, 363 U.S. at 599, 80 S.Ct. at 1362. Avco Corp., etc. v. Mitchell, 6 Cir., 336 F.2d 289 (1964).

We find nothing in Torrington Co. v. Metal Products Workers Union Local 1645, supra, that compels us to an opposite conclusion. The court there applied the same standard of review that we apply here, but concluded that the arbitrator's award did not draw its essence from the contract. That award was based on a company policy that had no foundation in the contract. The arbitrator there concluded that the policy was "carried over" when an existing contract was continued with modifications.

 Appellant's contention that the arbitrator was biased rests solely on the alleged "outrageous" inconsistency between his award of back pay to Ray and his denial of reinstatement. The Supreme Court has recognized the need for flexibility in arbitration remedies. See United Steelworkers of America v. Enterprise Wheel & Car Corp., supra. The contract contains no provision on remedies, leaving the arbitrator free to exercise his discretion. The award of back pay to a wrongfully discharged employee is obviously within the authority of an arbitrator. Arbitration would be meaningless if the arbitrator lacked the authority to redress the economic wrong inflicted on such an employee.

We do not find an inconsistency so glaring as to require us to vacate the arbitrator's award. The letter found to disqualify Ray for employment was written after his wrongful discharge.

The judgment is affirmed.

Affirmed.