The LYNCHBURG FOUNDRY COMPA-
NY, DIVISION OF WOODWARD
IRON COMPANY, Appellee,

v.

The UNITED STEELWORKERS OF
AMERICA, LOCAL 2556,
Appellant.

No. 12641.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 1, 1968.

Decided Nov. 22, 1968.

Michael H. Gottesman, Washington,
D. C. (Bernard Kleiman, Pittsburgh,
Pa., Elliot Bredhoff, George H. Cohen,
Washington, D. C., William E. Mitch, and

Cooper, Mitch & Crawford, Birmingham, Ala., and Hart & Hart, Roanoke, Va., on brief), for appellant.

E. Riley Casey, Washington, D. C. (Brian J. O'Neill, Francis T. Coleman, and Counihan, Casey & Loomis, Washington, D. C., on brief), for appellee.

Before SOBELOFF, WINTER and BUTZNER, Circuit Judges.

SOBELOFF, Circuit Judge:

The union, Local 2556 of the United Steelworkers, appeals from a District Court order which vacated an arbitration award requiring the reinstatement without back pay of an employee who had been discharged by the Lynchburg Foundry Company.

On July 24, 1967, the company discharged Fred Jones, an employee with seventeen years' seniority, for inaccurately keeping records in the course of his duty as an "iron reader." [1] Jones, without denying his misconduct, filed a grievance against the company claiming that he had been "unjustly dealt with." The grievance was processed according to the terms of the collective bargaining agreement between the company and the union, and the proceedings culminated in an arbitration award ordering Jones' reinstatement, but without back pay. The arbitrator found that Jones did engage in "culpable conduct" but that the sanction of discharge was not justified in the circumstances.

The company brought suit in the District Court under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, to set aside the arbitration award. It claimed that the arbitrator, upon finding the employee guilty of misconduct, had no authority to modify the discipline imposed by the company. The District Court, without fully adopting the company's reasoning, agreed that the arbitrator had exceeded his authority, and accordingly vacated the award. The union appeals from the court's order, contending that the arbitrator's award rested on a reasonable interpretation of the contract and should therefore be enforced.

I

The relevant contract provision is as follows:

In the event an employee shall be discharged from his employment * * and he believes that he has been unjustly dealt with, such discharge shall constitute a grievance to be dealt with under the method specified in this agreement.

In the event it should be decided under the rules of the agreement that an injustice has been dealt the discharged employee, the Company shall reinstate such employee to his former position and pay full compensation for time lost.

Both the company and union agree that, under the contract, the arbitrator could not interfere with the dismissal unless he found it to be "an injustice" to the employee. The parties are not in accord, however, in their interpretation of the arbitrator's findings on the issue of injustice. The award states:

The Arbitrator finds, upon weighing the Grievant's misconduct in the total context of the record of this case, that *it does not support the disciplinary sanction of discharge* which the Company invoked against him.

The Arbitrator finds that the record supports a charge that the Grievant engaged in culpable conduct and that *some disciplinary sanction* against him *is warranted.* (Emphasis added.)

---

1. An iron reader uses an instrument called an optical pyrometer to "read" the temperature of molten iron as it pours from a ladle into a flask. The reader is instructed to record all temperatures on a chart, but to leave blanks if his other tasks prevent him from making a reading. Jones was discharged for recording temperatures which he had not actually read with the use of the pyrometer. The company and union disagreed about the importance of Jones' job, and the arbitrator found that, in any event, Jones had caused the company no actual damage by his misconduct.

As the company interprets the collective bargaining contract, no discipline imposed by the company, whatever its severity, can be held to be an injustice if the employee's conduct is in any way culpable. The company therefore argues that the arbitrator's finding of misconduct in this case represents a conclusion that the employee had not been "unjustly dealt with." The union, on the other hand, contends that "injustice" refers not only to the existence of cause for discipline but also to the severity of the penalty imposed, and that the arbitrator did find an injustice when he declared the sanction of dismissal to be excessive.

■ In this regard, the District Court upheld the union, interpreting the arbitrator's finding to mean "that an injustice [had] been dealt the discharged employee" when he was dismissed for minor misconduct. We agree with this interpretation, which we find to be eminently reasonable. In common usage, the word "injustice" is not limited to the imposition of penalties on those entirely innocent of wrongdoing. Injustice to an employee may lie in his totally unjustified dismissal, or it may take the form of an excessive discipline, such as complete severance from the job when only a short suspension is deserved. The arbitrator's conclusion that, in the present circumstances, the discharge constituted an injustice is well within the permissible bounds of contract construction and may not be overruled by the courts. United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

## II

■■ Resolution of the conflict between the parties as to whether the arbitrator found that an injustice had been done the employee does not end the controversy. Even after this issue is settled in accordance with the District Judge's interpretation of the arbitration decision—an interpretation we share—there remains a second point of disagreement, namely, the propriety of the arbitration award. The arbitrator ordered reinstatement without loss of seniority, "but without any back pay from the date of discharge to the date of this Award." The company maintains that the contract leaves the arbitrator with only a narrow choice—reinstatement with full back pay or no relief at all—and that the arbitrator "exceeded his authority" in ordering reinstatement without also awarding full back pay. This rigid interpretation of the arbitrator's scope of authority is not warranted and would be acceptable only if a contract expressly forbade the arbitrator to exercise any discretion in fashioning this award. In general, courts favor a broad discretion in the arbitrator:

> When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations. United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

The question of contract interpretation here is whether reinstatement with full pay represents the sole remedy for an employee who has suffered an injustice, or whether it merely marks the outer limits within which an arbitrator may fashion a remedy appropriate to the circumstances. In the absence of language evidencing a clear intent to deny the arbitrator any latitude of judgment, the arbitrator is the one to answer this question.

■ In urging an inflexible construction of the contract, the employer advances the fallacious argument that "full compensation for time lost," the language of the contract, is necessarily the equivalent of full back pay. However, the use of the more general term "full compensation" may reasonably be viewed as indicating an intent that the employee be awarded whatever back pay would compensate him for time unjustly lost

**262**

from work. Where, as in this case, the employee's misconduct justified suspension, an award of back pay for the incidental loss of time during that period is not required in order to achieve "full compensation." The company's position that full back pay must be awarded in all cases of injustice is thus not compelled by the contract language.

Were the company's thesis carried to a consistent conclusion, the result here would be to increase the award, not to vacate it, because, as we have seen, the arbitrator found that the dismissal was unjust. To mandate back pay as well as reinstatement indiscriminately in every case of unjust dismissal, in disregard of the particular facts, would itself become a fertile source of injustice. At times, as this case illustrates, an employer may be warranted in imposing some measure of discipline, though not the extreme penalty of dismissal. To treat his employee as if he were entirely free from fault would be as great an injustice to the employer as the injustice done an employee who has been unduly penalized.

We reject the unbending construction proffered by the appellee and hold that a more reasonable reading of the contract is not to limit the arbitrator to an all or nothing decision. Injustice may be extreme or comparatively slight, and just compensation varies according to the circumstances. In any event, that was the conclusion reached by the arbitrator, "and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their own interpretation of the contract is different from his." United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960).

The order of the District Court is vacated and the case is remanded. While no back pay will be allowed for the period from the date of dismissal to the date of the arbitrator's award, the employee is entitled to reinstatement and compensation for the period following the award.

Vacated and remanded for the entry of an order consistent with this opinion.