**Charles REECE, Plaintiff,**

v.

**WESTMORELAND COAL COMPANY, Defendant.**

**Civ. A. No. 70–C–98–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

April 4, 1972.

---

Carl E. McAfee, Norton, Va., for plaintiff.

Robert T. Winston, Norton, Va., for defendant.

WIDENER, Chief Judge.

This is an action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to review an arbitration award on the ground that the umpire exceeded his authority in making the award. Plaintiff, Charles Reece, contends that the umpire, in denying him back wages, deviated from the express requirement of the arbitration contract, and plaintiff here seeks $1,500.00 from defendant, the Westmoreland Coal Company, as back wages. Both parties have filed motions for summary judgment. The court has considered a copy of the contract filed by agreement and marked Westmoreland Exhibit A.

Pursuant to a collective bargaining agreement entered into on October 14, 1968 between his union and his employer, Charles Reece submitted to an arbitration board his grievance concerning the circumstances under which he left his employment at defendant's coal mine on December 17, 1969. Reece claimed that defendant required him to operate dangerous bolting machines, which he was not qualified to operate and which he was afraid to operate. He contended that on account of his employer's demands that he operate those machines and his refusal to do so, he was either unjustly discharged or unjustly forced to quit. The arbitration board was unable to reach a decision and, in accordance with the procedure prescribed by the arbitration agreement, referred the matter to an umpire. The umpire rendered an opinion on January 21, 1970, reinstating Reece with seniority but denying him any back wages. The umpire also ruled that defendant could require Reece to operate the bolting machines but that an experienced bolter should first provide him instruction in their operation.

Defendant has entered a plea to the jurisdiction of this court, and this matter will be considered. In support of its position, defendant points to the good faith use of the grievance procedure, plaintiff's acceptance of the award, and to the following provision in the arbitration agreement:

"A decision reached at any stage of the [arbitration] proceedings . . .

shall be binding on both parties thereto and shall not be subject to reopening by any other party or branch of either association except by mutual agreement."

Defendant's position is not well taken. Federal courts have jurisdiction under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to determine whether or not an arbitrator exceeded his authority in making the award, for the award can be binding only if the arbitrator had authority to make it. Torrington Co. v. Metal Prods. Workers Local 1645, 362 F.2d 677 (2nd Cir.1966); see also Textile Workers Local 1386 v. American Thread Co., 291 F. 2d 894 (4th Cir.1961); H. K. Porter Co. v. United Saw, File, & Steel Prods. Workers Local 22254, 333 F.2d 596 (3rd Cir.1964). As the Supreme Court has stated:

> "Nevertheless, an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, at 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

The court is, however, of the opinion that the umpire's award "draws its essence from the collective bargaining agreement." The agreement provides:

> "In all discharge cases should it be decided under the rules of this agreement that an injustice has been dealt the mine worker, the operator *shall reinstate and compensate* him at the rate based on the earning of said mine worker prior to such discharge." [Emphasis added]

In Lynchburg Foundry Co. v. United Steelworkers Local 2556, 404 F.2d 259 (4th Cir.1968), the court had occasion to consider the scope of the arbitrator's authority under the following clause:

> "In the event it should be decided under the rules of the agreement that an injustice has been dealt the discharged employee, the Company *shall reinstate* such employee to his former position *and pay full compensation for time lost.*" [Emphasis added]

The Fourth Circuit there rejected the company's argument, which is identical to that here urged by the plaintiff:

> "The company maintains that the contract leaves the arbitrator with only a narrow choice—reinstatement with full back pay or no relief at all—and that the arbitrator 'exceeded his authority' in ordering reinstatement without also awarding full back pay. This rigid interpretation of the arbitrator's scope of authority is not warranted and would be acceptable only if a contract expressly forbade the arbitrator to exercise any discretion in fashioning this award. In general, courts favor a broad discretion in the arbitrator:
>
>> When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations. United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).
>
> \* \* \* \* \* \*
>
> "In urging an inflexible construction of the contract, the employer advances the fallacious argument that 'full compensation for time lost,' the language of the contract, is necessarily the equivalent of full back pay. However, the use of the more general term

'full compensation' may reasonably be viewed as indicating an intent that the employee be awarded whatever back pay would compensate him for time unjustly lost from work. Where, as in this case, the employee's misconduct justified suspension, an award of back pay for the incidental loss of time during that period is not required in order to achieve 'full compensation.' The company's position that full back pay must be awarded in all cases of injustice is thus not compelled by the contract language.

\*　　\*　　\*　　\*　　\*　　\*

"We reject the unbending construction proffered by the appellee and hold that a more reasonable reading of the contract is not to limit the arbitrator to an all or nothing decision. Injustice may be extreme or comparatively slight, and just compensation varies according to the circumstances." *Lynchburg Foundry Co.*, 404 F.2d at 261–262.

This court does not find significant the slight difference in wording in the contract involved in the *Lynchburg Foundry Co.* case and the one here in question, and is of opinion that such variance as may exist does not justify a different result here. As the quantum of recovery is not at issue, the only distinction lies in the use of "pay full compensation for time lost" in the *Lynchburg Foundry Co.* contract and in the use of "compensate" in the agreement presently under consideration. Consequently, this court is of the opinion that *Lynchburg Foundry Co.*, for the reasons there stated, requires the conclusion here that the umpire's award derived its essence from the collective bargaining agreement.

Accordingly, an order is this day entered granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment.