INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), a voluntary labor organization, and Local 1164, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), a voluntary labor organization, Plaintiffs,

v.

ALLIS–CHALMERS MANUFACTURING COMPANY, a Delaware corporation, Defendant.

No. 72–C–302.

United States District Court,
E. D. Wisconsin.

May 25, 1973.

Zubrensky, Padden, Graf & Bratt by George F. Graf, and Herbert S. Bratt, Milwaukee, Wis., for plaintiffs.

Quarles, Herriott, Clemons, Teschner & Noelke by Robert H. Gorske, Milwaukee, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

Both parties have moved for summary judgment. The complaint seeks enforcement of an arbitration award which directed the defendant Allis-Chalmers to

---

furnish separation pay to certain named employees.

Allis-Chalmers does not contest the impartial referee's conclusion that these employees' termination did not occur until October 31, 1969 rather than September 30, 1969. However, the company urges that the referee went "beyond the issues which had been presented to him for decision" in making an award for separation pay. The defendant contends that the parties are not bound by the referee's award as to matters which were not regularly submitted to him for decision.

The award is dated April 22, 1971 and provides as follows:

"1. The issue raised in the grievances is an arbitrable issue.

2. James Elder, Howard A. Hasley, Robert Johanek and Arthur F. Schulz were terminated from employment on October 31, 1969, and they were entitled to the benefits available to bargaining unit employees for the period between October 1, 1969, and October 31, 1969. Their request for separation pay shall be honored and they shall be entitled to receive the amount of separation pay due to them by virtue of the provisions of the Collective Bargaining Agreement that became effective October 1, 1969."

It does not appear that there are substantial issues of fact in this case. There is, however, one legal issue presented by the complaint and by the affirmative defenses set forth in the answer: was the referee's order as to separation pay within his jurisdiction?

I conclude that the decision of the referee was "within the scope of his jurisdictional authority" and is therefore binding upon the parties. This award related to a specific controversy between the parties, and it resolved issues which were submitted to the referee pursuant to a collective bargaining agreement. The latitude afforded to an impartial referee in fashioning a remedy is broad enough to have encompassed the instant award. Yellow Cab Co. v. Democratic Union, 398 F.2d 735 (7th Cir. 1968); Newark Wire Cloth Co. v. Steelworkers, 339 F.Supp. 1207 (D.N.J.1972).

Therefore, it is ordered that the plaintiff's motion for summary judgment enforcing the arbitration award of April 22, 1971 be and hereby is granted.

It is also ordered that the defendant's motion for summary judgment be and hereby is denied.