**George D. EPPLE, Plaintiff,**

v.

**UNION PACIFIC RAILROAD COMPANY—EASTERN DIVISION, Defendant.**

**Civ. A. No. 81–K–1188.**

United States District Court, D. Colorado.

Feb. 10, 1983.

Edward H. Sherman, Denver, Colo., for plaintiff.

C. Willing Browne, Denver, Colo., for defendant.

ORDER

KANE, District Judge.

This is a motion for summary judgment pursuant to Rule 56, F.R.Civ.P. Jurisdiction is based on the Railway Labor Act, 45 U.S.C. § 153 First (q) and 28 U.S.C. § 1337. Plaintiff, George Epple, is an employee of the Union Pacific Railroad Company and a member of the Brotherhood of Locomotive Engineers. Mr. Epple was charged by the Railroad with violating certain company rules, and following an investigation and hearing he was discharged. He then proceeded to file a grievance, using the steps outlined in his collective bargaining agreement. At each stage of the proceeding, the grievance requested that Mr. Epple be reinstated with seniority unimpaired, and that he be awarded pay for all time lost. No settlement could be reached and after the plaintiff turned down an offer by the Railroad to reinstate him without an award for back wages, the matter was referred to the National Railroad Adjustment Board for final determination. The NRAB ruled that Mr. Epple should be reinstated with seniori-

ty unimpaired, but with no pay for time lost. Under 45 U.S.C. § 153 First (q), plaintiff is now seeking judicial review of the NRAB's award, and requesting the order be set aside insofar as it does not allow payment for time lost.

■ Defendant filed its motion for summary judgment on September 13, 1982. Rule 4(d) of the Local Rules of Practice requires that briefs in opposition to motions for summary judgment shall be filed within twenty days after service of the motion. In addition, Rule 56(e) of the Federal Rules of Civil Procedure requires opposing briefs and affidavits.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Plaintiff failed to oppose this motion in any form within the 20 day time period. Therefore, to determine whether summary judgment is appropriate, I must look to the sufficiency of defendant's motion. With no disputed or controverted issue of fact, the sole question in issue is whether this court has jurisdiction to review and set aside the award made by the National Railroad Adjustment Board insofar as it does not permit Petitioner to receive restitution for time lost. This is a question of law and is therefore properly before me on a motion for summary judgment.

The Railway Labor Act provides for review of an NRAB award only under very limited circumstances. The applicable statute states that the findings and order of the Board of Adjustment shall be conclusive on the parties unless it 1) fails to comply with the requirements of the Railway Labor Act, 2) fails to conform or confine the order to matters within the scope of its jurisdiction, or 3) commits fraud or corruption. 45 U.S.C. § 153 First (q). Plaintiff's complaint does not allege fraud or corruption but does list several allegations which he contends illustrate the Board's failure to comply with requirements of the Railway Labor Act, the Board's failure to make an award within the scope of its jurisdiction, and a denial of due process.

■ The Railroad argues that plaintiff has failed to make a showing of any Board impropriety. After evaluating each of plaintiff's claims against the NRAB, I find that the Board acted according to the RLA. Further, after a review of the transcript of proceedings before the Board I find no denial of due process.

Most of Mr. Epple's allegations concern the Board's interpretation of Rule 82 of the Collective Bargaining Agreement, and the contention that the award of the Board was not justified by the terms of the Agreement. Rule 82(b) provides

> If it is found the employee has been unjustly suspended or dismissed from the service, such employee shall be reinstated with seniority rights unimpaired and compensated for wage loss, if any, resulting from such suspension or dismissal.

The appellate courts have made it clear that judicial review of awards made pursuant to the RLA is extremely limited. In a case similar to this one, the Tenth Circuit reviewed an award involving the Denver Rio Grande Western Railroad and a company switchman, in which Judge Doyle said,

> The indications to be inferred from the design of the Act are that Congress did not wish awards by the Law Boards to be easily set aside by the courts. Thus, the Supreme Court has given a board decision the same finality that it has given to a decision of arbitration. (citations omitted.)

*Denver & R.G.W.R. Co. v. Blackett,* 538 F.2d 291, 293 (10th Cir.1976). Judge Doyle also relied on *Diamond v. Terminal Railway Alabama State Docks,* 421 F.2d 228 (5th Cir.1970) in concluding that "the range of judicial review in enforcement cases is among the narrowest known to the law and (that) the findings and order of the Board are conclusive." 538 F.2d at 293.

A Fourth Circuit case exactly on point dealt with a plaintiff arguing that the arbitrator's order of reinstatement with seniority but without back pay was not consistent with the contract terms, and that the arbitrator had exceeded his authority in ordering reinstatement without also awarding full back pay. The court effectively refuted that argument by stating

This rigid interpretation of the arbitrator's scope of authority is not warranted and would be acceptable only if a contract expressly forbade the arbitrator to exercise any discretion in fashioning this award... The question of contract interpretation here is whether reinstatement with full pay represents the sole remedy for an employee who has suffered an injustice, or whether it merely marks the outer limits within which an arbitrator may fashion a remedy appropriate to the circumstances. In the absence of language evidencing a clear intent to deny the arbitrator any latitude of judgment, the arbitrator is the one to answer this question.

*Lynchburg Foundry Company v. United Steelworkers*, 404 F.2d 259, 261 (4th Cir. 1968). The rationale behind allowing such broad discretion is well stated in *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960):

When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations.

*United Steelworkers, supra* at 597, 80 S.Ct. at 1361.

With this in mind, I find that the National Board of Adjustment had the authority to award reinstatement without back pay.

■ Plaintiff's remaining allegation is that he was denied due process of law when the Board failed to allow certain witnesses to testify at the arbitration proceedings. He claims these witnesses were present at the time of the occurrences on which the charges were based. However, because he was unable to assure the NRAB that the witnesses would testify from first hand knowledge or detail exactly what these witnesses would testify, the NRAB held that there was no obligation on the part of the Railroad to make them available.

The award of the Board, however, effectively deals with this contention. On page two of the award, it says:

During the hearing on the property, there was no proffer by the Organization or the Claimant as to what these witnesses would have testified to had they been called to appear. During the oral argument before this Division on March 4, 1981, Claimant conceded that he did not know what these witnesses might have testified to had they been called. Under these circumstances, the Board finds that the contention by the Organization that Claimant was denied a fair and impartial hearing to be without merit. Absent a showing that the witnesses requested to be available would be able to testify from first hand knowledge as to the events in contention, there is no obligation on Carrier's part to make those witnesses available.

I note first that the denial is not one that precludes witnesses from testifying at all, but rather from being produced at the carrier's expense. In the absence of an offer of proof such a denial does not violate due process. Further, the lack of such testimony was supplanted by the acceptance of hearsay. Finally, the relevance to the discrete action of the Board in declining to award back pay is marginal at best, if at all.

For the foregoing reasons,

IT IS ORDERED that the motion for summary judgment is granted. Judgment shall enter in favor of defendant and against plaintiff. Each party to bear his or its own costs. The trial date is vacated.