**LOCAL 791, INTERNATIONAL UNION OF ELECTRICAL, RADIO & MACHINE WORKERS, AFL-CIO, Appellant,**

v.

**MAGNAVOX COMPANY, Appellee.**

No. 14127.

United States Court of Appeals Sixth Circuit.

Dec. 21, 1960.

As Amended Jan. 9, 1961.

Rehearing Denied Feb. 13, 1961.

Herbert L. Segal, Louisville, Ky., for appellant.

James U. Smith, Jr., Louisville, Ky., for appellee; Herbert Schultzman, Terrell, Schultzman & Hardy, Paducah, Ky., on the brief.

Before McALLISTER, Chief Judge, and MILLER and CECIL, Circuit Judges.

McALLISTER, Chief Judge.

Plaintiff filed a grievance asking for arbitration under the provisions of a collective bargaining contract, claiming defendant company had violated its agreement by unfair action in speeding up the assembly line of one of the articles used in its finished product. The company answered that the production quotas were neither unreasonable, nor too high, and that its action was not unfair.

An arbitration hearing was thereafter held. After various objections and motions filed, the arbitrator, with both parties participating, proceeded to hear the claimed grievance, and decided, contrary to the contention of defendant company, that an arbitrable issue, under the contract, was presented; but he further held that plaintiff Union had failed to carry the burden of proving that the increased speed of the assembly line, used in producing the article in question, was an "unreasonable quota of production" under the provision of the contract claimed by the Union to have been violated. Accordingly, the arbitrator dismissed the claimed grievance of the Union.

However, after ruling that the grievance should be dismissed, the arbitrator went on to make the following statement:

"\* \* \* the parties are directed to enter into negotiations concerning whatever engineering surveys and studies may be made by the Company as promptly as is feasible concerning the production speed on the speaker line, during which the pre-March 1st rate is to be maintained."

The defendant company refused to comply with these directions as to the requirement of negotiations for engineering surveys and studies, on the ground that they were beyond the power and authority of the arbitrator, and therefore, a complete nullity.

Plaintiff Union then filed this suit under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185, and Sections 2201 and 2202 of the Federal Declaratory Act, 28 U.S.C.A. §§ 2201 and 2202.

Both parties then moved for summary judgment. The District Court, thereupon, entered summary judgment for defendant appellee, holding void and setting aside so much of the award as purported to require negotiations by the Company and the Union relating to the production lines of the article in question, and the restoration of the former speed of such line. Appellant's motion to set aside the summary judgment was subsequently overruled by order of the District Court, and from such order the plaintiff Union appeals.

Article IV of the Collective Bargaining Agreement between the Union and the Company, in so far as here relevant, is as follows:

"The function of the Arbitrator shall be of a judicial rather than a legislative nature. He shall not have the power to add to, to ignore, or modify any of the terms and conditions of this Contract. His decision shall not go beyond what is necessary for the interpretation and application of this Contract, or the obligation of the parties under this Contract. No decision shall decide issues not directly involved in the case."

Upon a review of the record, we are of the opinion that, in that portion of the arbitration award complained of by appellee company, the arbitrator went beyond the grievance submitted to him for arbitration and beyond the provisions of the collective bargaining contract; that such portion of his award was not subject to his consideration and arbitration; that he thereby exceeded his powers as to the grievance submitted to him and the provisions of the contract; and that that portion of the award was properly vacated and set aside.

In accordance with the foregoing, the judgment of the District Court and its order denying appellant's motion to set aside judgment, are hereby affirmed.

On Petition for Rehearing

Appellant filed petition for rehearing in the above case, in which it is claimed that the decision of this court is in conflict with the decision of the Supreme Court in United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1363, 4 L.Ed.2d 1432; United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; and United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424. In our view, the controlling facts in the instant case distinguish it from the above-mentioned adjudications of the Supreme Court, and disclose no inconsistency or contradiction.

In the American Manufacturing case, supra, the collective bargaining agreement provided for the arbitration *of all disputes* between the parties *as to the meaning, interpretation, and application* of the provisions of the agreement, and the suit was to compel arbitration, which had been refused. In the Warrior & Gulf Navigation Co. case, supra [363 U.S. 574, 80 S.Ct. 1349], the collective bargaining agreement provided for arbitration in the event differences arose between the company and the union as to the meaning and application of the provisions of the agreement, "or should any local trouble of any kind arise," and the suit was to compel arbitration which had been refused.

The Enterprise Wheel & Car Corp. case, supra, was a suit to compel arbitration under a contract which provided that any differences as to the meaning and application of the agreement should be submitted to arbitration. The arbi-

trator, assuming the issue of improper discharge of an employee was arbitrable, ordered the employee reinstated with full payment for time lost. The district court ordered compliance; the Court of Appeals reversed in part. The Supreme Court sustained the arbitrator, as having based his decision on a legitimate construction of the collective bargaining agreement, the meaning and application of which had been made subject to arbitration. All of the foregoing cases are completely different from the one before us. Here there was no suit to compel arbitration; the controversy was actually arbitrated. Here the grievance, which was the only issue submitted to the arbitrator, was dismissed by him.

The contract, in the instant case, provides that *"if a grievance alleges that the Contract has been violated, the written grievance should specify the part of the Contract violated and the redress sought."*

The written grievance filed in this case set forth:

"The Union protest the unfair action by Company by the assembly lines in speaker dept. has been speeded up the Company has demanded the operator's to produce more work the Union request the speaker lines to be put back to their regular speed *the Company is in violation of contract. * * *"

The arbitrator found that the issue presented by the above grievance was arbitrable; but, after the hearing, he dismissed the grievance. However, he apparently thought that if engineering surveys and studies concerning the production speed on the assembly lines were carried out, they would throw more light on such grievances. It was, ostensibly, for this reason that he directed the union and the company to enter into negotiations concerning such engineering surveys.

The contract indicates the arbitrator is to be strictly limited in his function. It specifically provides: "The function of the Arbitrator shall be of a judicial rather than a legislative nature. He shall not have the power to add to, to ignore, or modify any of the terms and conditions of this Contract. His decision shall not go beyond what is necessary for the interpretation and application of this Contract, or the obligation of the parties under this Contract. No decision shall decide issues not directly involved in the case."

When the arbitrator dismissed the grievance on the ground that the union did not prove that the company speeded up the assembly lines, his function ended insofar as the grievance was concerned, and insofar as the provisions of the contract provided for his arbitration. Nothing in the contract empowered him to direct that the company and the union enter into negotiations concerning engineering surveys and studies relating to the speed of the production line. To do this, he would be obliged to add to the terms of the contract. When he decided that the company had not speeded up the assembly lines, and demanded more work of the operators, he decided the issue directly involved in the case. To direct the union and the company to enter into negotiations concerning the specified engineering surveys and studies, was determining a matter that was not directly involved in the case, and was not submitted for arbitration; and he was prohibited by the contract from making such a determination. Such determination was beyond the power conferred on the arbitrator by the collective bargaining agreement.

In accordance with the foregoing, the petition for rehearing should be denied.