ELECTRIC SPECIALTY CO., a division of Electronics Specialty Co., Plaintiff,

v.

LOCAL 1069, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, Defendant.

Civ. No. 9286.

United States District Court
D. Connecticut.

July 5, 1963.

Robert J. Ashkins, of Cohen & Wolf, Bridgeport, Conn., for plaintiff.

Bertram Diamond, of Baker & Diamond, Stamford, Conn., for defendant.

TIMBERS, District Judge.

In this action brought by plaintiff company against defendant union to vacate, modify or correct an arbitration award, both parties having moved, pursuant to Rule 56, Fed.R.Civ.P., for summary judgment; and

The Court having heard arguments by counsel for the respective parties and having considered their pleadings, motions, affidavits, briefs and other papers on file; and

 The Court being of the opinion that plaintiff's motion for summary judgment should be denied and defendant's motion for summary judgment should be granted for the reasons:

(1) The arbitrator, in determining that the grievance was arbitrable and that the company had violated the collective bargaining agreement by failing to reinstate the employee upon termination of his leave of absence, decided precisely the questions submitted by the parties and with respect to which the parties agreed the decision of the arbitrator would be final and binding on both parties;

(2) The arbitrator's award (reinstatement plus back pay less earnings from other employment or payments of unemployment compensation) was within the power of the arbitrator, even though not expressly provided for in the collective bargaining agreement nor expressly requested in the parties' written submission to the arbitrator, since

(i) the question of reinstatement with back pay is "any dispute" involving "the interpretation" of the agreement and hence is arbitrable under the agreement;

(ii) the agreement did not expressly exclude the arbitrator from making the award (United Steelworkers v. American Mfg. Co., 363 U.S. 564, 565 n. 1, 572, 80 S.Ct. 1363, 4 L.Ed.2d 1432 (1960));

(iii) the rules of the American Arbitration Association, under which this arbitration took place, imply that the award is an integral part of the arbitral process;

(iv) and, since the very nature of the contract violation (failure to reinstate) calls for the remedy of back pay, the award was within the province of the arbitrator— "it draws its essence from the collective bargaining agreement" (United Steelworkers v. Enterprise Wheel and Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960); Livingston v. John Wiley & Sons, Inc., 313 F.2d 52, 59 n. 5 (2 Cir. 1963)); and

 The Court being further of the opinion that, unless the parties can stipulate to the amount of back pay due the employee, the matter must be remanded to the arbitrator for the limited

purpose of determining the exact amount of back pay due the employee (United Steelworkers v. Enterprise Wheel and Car Corp., supra at 597); it is

Ordered that plaintiff's motion for summary judgment be, and the same hereby is, denied; and it is further

Ordered that defendant's motion for summary judgment be, and the same hereby is, granted; and it is further

Ordered that, unless a written stipulation is filed by the parties within ten (10) days after the date of this order providing for the amount of back pay due the employee, this matter be, and the same hereby is, remanded to the arbitrator for the limited purpose of determining the amount of back pay due the employee; and it is further

Ordered that the clerk of this Court be, and he hereby is, directed to enter summary judgment in favor of defendant and to reflect in said judgment the amount of back pay due the employee, either as stipulated by the parties or as determined by the arbitrator.