**INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO, etc., Plaintiff-Appellant,**

v.

**PEERLESS PRESSED METAL CORPORATION, Defendant-Appellee.**

No. 72–1377.

United States Court of Appeals, First Circuit.

April 9, 1973.

Michael A. Feinberg, Boston, Mass., with whom Flamm, Mason & Paven, Boston, Mass., was on brief, for appellant.

Julius Kirle, Boston, Mass., for appellee.

Before COFFIN, Chief Judge, and ALDRICH and McENTEE, Circuit Judges.

PER CURIAM.

In Peerless Pressed Metal Corp. v. IUE, 1 Cir., 1971, 451 F.2d 19, we must necessarily have ruled, by requiring arbitration of the issue between the parties, that a decision in favor of the union would not violate the collective bargaining contract on its face. The district court's refusal to enforce the award in its favor, from which refusal the union now appeals, was based on a contrary view of the proper construction of the contract. In the light of *Peerless,* this was no longer a permissible conclusion. The only question before the district court was whether the arbitrator's choice was, by reason of some circumstance outside the contract itself, "so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling." Safeway Stores v. Bakery Workers Local 111, 5 Cir., 1968, 390 F.2d 79, 82. The arbitrator's careful decision could not be so viewed.

No more supportable is appellee's claim that the arbitrator, in clarifying his award of reinstatement by explicitly stating that the grievant should be made whole for any loss of pay, exceeded his authority under the submission agreement. The fact that the agreement was silent as to remedy can-not under these circumstances be of assistance to appellee. Newark Wire Cloth Co. v. Steelworkers, D.N.J., 1972, 339 F.Supp. 1207.

We consider the intransigence of appellee in resisting enforcement of the arbitration award, made after our opinion in *Peerless,* as justifying an award of attorney's fees. The award of such fees will be confined to services in connection with proceedings in the district court. We do not say, as a matter of law, that a party's ability to persuade a district court to rule in his favor necessarily insulates him against a fee award. In this case, however, we recognize that our statement in *Peerless* that the arbitrator "may look to the 'law of the shop' and to the negotiations which led to the present agreement," 451 F.2d at 21, may have misled the court into giving an overrestrictive interpretation of our opinion. Since appellee prevailed below under these circumstances we do not think it fair to award counsel fees against it on this appeal.

The judgment is reversed; appellant is directed to submit a detailed statement of services rendered in connection with the district court proceedings.