**RETAIL STORE EMPLOYEES UNION LOCAL 782, Appellant,**

v.

**SAV–ON GROCERIES, Appellee.**

No. 74–1219.

United States Court of Appeals, Tenth Circuit.

Argued Nov. 15, 1974.

Decided Jan. 7, 1975.

Robert L. Uhlig, Kansas City, Kan., for appellant.

John M. Edgar, Kansas City, Mo. (Earl J. Engle and Claude L. Rice, Kansas City, Kan., on the brief), for appellee.

Before SETH, BARRETT and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

Retail Store Employees Union Local 782 (Union) appeals from a judgment, following trial to the court, in favor of Sav-On Groceries (Sav-On) refusing to enforce an Arbitration Award issued in favor of one of Union's members.

Mrs. Donna Whiles, member of appellant Union, was an employee of Sav-On with the job classification of "clerk" which required her to perform both "checking" and "stocking" duties. During 1971 and 1972 her working hours were reduced (allegedly in violation of the existing labor contract), while other employees with less seniority, did not have their hours similarly reduced. Mrs. Whiles filed a grievance and the matter was submitted to an arbitrator, Mr. Ralph C. Barnhart. The particular issue submitted to the arbitrator read:

> Did the company exercise fairness in judging the qualifications of Donna Whiles by not allowing her to displace less senior employees who engage in stocking and checking duties.

Following a hearing before the arbitrator, an award was issued November 29, 1972, sustaining the grievant, Mrs. Whiles. This award provided not only that Sav-On had not acted fairly in dealing with its employee, but also held that: (1) Mrs. Whiles was entitled to back pay; and (2) that Sav-On could not "assign her impossible heavy tasks (i. e., stocking heavy items) in order to reduce her hours or perhaps to eliminate her altogether . . . ." Thereafter Sav-On refused to pay the back wages as directed by the arbitrator and on January 2, 1973 discharged Mrs. Whiles.

In light of these actions, Union alleged in its complaint that Sav-On had wrongfully failed to comply with the arbitration award. Sav-On answered that the issue of back wages had not been submitted to the arbitrator and that he was, therefore, without jurisdiction to make such an award. Sav-On further alleged that that portion of the award directing it to not assign heavy tasks to Mrs. Whiles (while such tasks could be assigned to male employees in the same job classification), constituted a per se violation of Title VII of the Civil Rights Act and could not be enforced. Sav-On, in addition, counterclaimed for an order requiring the issues of back pay and the discharge of January 2, 1973 to be submitted to arbitration.

The trial court held that the arbitration award was null and void insofar as it granted back pay to Mrs. Whiles and insofar as it required Sav-On to violate the law. It also ordered the parties to submit to arbitration on the issues of back pay and the discharge of January 2.[1]

On this appeal Union contends: (1) the trial court erred in refusing to enforce the arbitration award; (2) the issue of back pay was within the jurisdiction of the arbitrator to decide; (3) the issue of back pay should have been remanded to the original arbitrator for clarification; and (4) the trial court erred in concluding that the arbitration award requires Sav-On to violate Title VII of the Civil Rights Act.

### I.

Union's contention that the trial court erred in not enforcing the arbitration award "even if it disagreed with the arbitrator's findings and conclusions" is misplaced. Union has misconstrued, we believe, the basis of the trial court's holding. The trial judge did not question the merits of this award, i. e., whether Sav-On had in fact acted fairly in dealing with Mrs. Whiles, but rather only whether the arbitrator had authority (in light of the issue presented for arbitration) to make an award of back pay. The authorities cited by Union in this regard are inapposite.

### II.

Union's primary contention is that the arbitrator had authority to grant back pay to the grievant, Mrs. Whiles, even though the precise issue submitted (as set out above) did not ask the arbitrator to formulate such a specific remedy.

While we take note that there is some authority to the contrary, see, Electric Specialty Co. v. Local 1069, International Brotherhood of Electrical Workers, AFL–CIO, 222 F.Supp. 314 (D.C.Conn. 1963), we hold the better rule is that adopted in Kansas City Luggage & Novelty Workers Union, Local No. 66, AFL–CIO v. Neevel Luggage Manufacturing Company, 325 F.2d 992 (8th Cir. 1964):

> In granting the Company summary judgment, the trial court merely declined to enforce so much of the arbitrator's award as related to back pay, and did so without prejudice to further arbitration proceedings to resolve that issue. While it may be doubted that the question was or is of sufficient importance to justify reviving or prolonging any part of the dispute between the parties, it is true, as the trial court said, that the back pay issue was not specifically or necessarily included in the subject matter submitted to arbitration.
>
> It is the law that "arbitration is a matter of contract and *a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.*" United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409. See, also United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 570–571, 80 S.Ct. 1343, 4 L.Ed.2d 1403; Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462. [Emphasis added]. 325 F.2d 992 at 993–994.

Sav-On's challenge to the arbitrator's award is here premised upon the fact that the issue submitted to the arbitrator was a narrow one which did not encompass the back-pay "remedy" awarded. The challenge is *not* based upon an allegation that the *bargaining agreement* or the *contract* itself did not provide for a specific remedy for the grievance complained of (regardless of whether the arbitrator was asked to formulate a remedy by the issues submitted). Union's cases cited for authority of what an arbitrator's remedial subject-matter jurisdiction might be in the latter situations are not, therefore, persuasive.

---

1. The Union has not appealed that portion of the judgment ordering the parties to proceed to arbitration over the discharge of Mrs. Whiles.

Similarly, this is not a case where the issue submitted to the arbitrator is in any sense "vague". Kroger Company v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local No. 661, 380 F.2d 728 (6th Cir. 1967), is, accordingly, inapposite.

Finally, Union cites to United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), for the proposition that an arbitrator "is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations." 363 U.S. at 597, 80 S.Ct. at 1361. Any implication drawn from this language that an arbitrator has the "inherent" power to formulate a remedy despite the scope of the issue presented, is undercut, we believe, by the Court's qualifying language in that same case:

> Moreover, we see no reason to assume that this arbitrator has abused the trust the parties confided in him and has not stayed within the areas *marked out for his consideration.* It is not apparent that he went beyond the submission. [Emphasis added]. 363 U.S. at 598, 80 S.Ct. at 1361.

In the case at bar we think that the arbitrator clearly went beyond that area "marked out for his consideration."

■ We hold that the issue of back pay was not submitted to the arbitrator here and that the trial court did not err in finding the arbitration award "null and void" insofar as it applied to that issue.

### III.

■ Union's contention that the issue of back pay should have been remanded to the original arbitrator is based upon its assumptions that: (1) the original arbitrator had authority to award back pay; and (2) the award should be remanded merely to clarify the specific amount owing to Mrs. Whiles. This ar-gument fails in light of our previous determination that the arbitrator had no authority to award back pay.

Since the determination must now be made as to whether Mrs. Whiles is entitled to back pay and does not involve merely the "clarification" of the prior award, we see no harm in the issue being presented to a new arbitrator even though this procedure involves a de novo determination. The merits of the issue of back pay have never been legitimately decided. Hence, we see no threat to the "finality" of the original arbitrator's decision. United Steelworkers of America v. Enterprise Wheel & Car Corp., *supra,* is not controlling under these circumstances.

We hold that the trial court did not err in its order submitting the issue of back pay to a new arbitrator.

### IV.

■ As discussed in Section II, *supra,* we have previously determined that the arbitrator was restricted to deciding only those issues submitted and was without authority to make an award of back pay. We think that the order directing Sav-On not to assign Mrs. Whiles "impossible heavy tasks" etc., was likewise beyond the arbitrator's authority.

■ In light of this, we do not feel constrained to discuss the trial court's conclusion that such order was void in that it would result in Sav-On being compelled to violate Title VII of the Civil Rights Act. We need not reach this issue. A trial court's judgment may be affirmed by an appellate court on a basis not relied upon by the trial court. Pound v. Insurance Company of North America, 439 F.2d 1059 (10th Cir. 1971); Potter v. LaMunyon, 389 F.2d 874 (10th Cir. 1968); Texaco, Inc., v. Holsinger, 336 F.2d 230 (10th Cir. 1964), cert. denied, 379 U.S. 970, 85 S.Ct. 669, 13 L.Ed.2d 563 (1965).

We affirm.

WILLIAM E. DOYLE, Circuit Judge (dissenting).

I must dissent, first, because it appears to me highly unreasonable to rule

that the submission was technically inadequate or insufficient when the entire purpose of the submission was not only to determine the rightness or wrongness of the problem, but to achieve a monetary result. After all, they were not seeking a declaratory judgment. Each of these arbitrations is significant in terms of monetary benefit.

Secondly, it would appear that the appellees agree that the collective bargaining agreement contract contemplated a monetary award in circumstances such as the present because they would resubmit the cause, but preferably to another arbitrator to obtain an answer to this questioning. Their objection is to the result.

Third, the question is not whether the arbitrator has the authority to decide issues which have not been properly submitted to him by the parties. Obviously, he does not have. *See* Local 791, Int'l Union of Electrical, Radio & Machine Workers v. Magnavox Co., 286 F.2d 465 (6th Cir. 1961); Textile Workers Union of America v. American Thread Co., 291 F.2d 894 (4th Cir. 1961). The issue is whether the award of money damages was within the contemplation of the submission. Only one case is cited by the majority opinion for the proposition that the arbitrator lacks the authority to award back wages where the issue presented to him does not expressly include such a request. That case is Kansas City Luggage & Novelty Workers Union, Local 66 v. Neeval Mfg. Co., 325 F.2d 992, 994 (8th Cir. 1964). This is doubtful authority. The court was reluctant in holding that the arbitrator exceeded his authority. *See* 325 F.2d at 994. The majority of cases reach the opposite conclusion. *See* for example International Union of Electrical, Radio and Machine Workers v. Peerless Pressed Metal Corp., 489 F.2d 768 (1st Cir. 1973); Kroger Co. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local 661, 380 F.2d 728 (6th Cir. 1967); Newark Wire Cloth Co. v. United Steelworkers of America, 339 F.Supp. 1207 (D.N.J.1972); Electric Specialty Co. v. Local 1069, Int'l

Brotherhood of Electrical Workers, 222 F.Supp. 314 (D.Conn.1963).

Fourth, I object to the submission of the question whether the collective bargaining contract contemplated a back pay award being submitted to a different arbitrator. The majority's position that it has no objection to the submission of this issue to another arbitrator is puzzling. The question arises as to what the trial court's objection was to the old arbitrator. If an error was made, the trial court or this court could have so concluded. Perhaps the trial court was dissatisfied with the arbitrator's decision.

Fifth, the whole purpose of arbitration of labor disputes is frustrated when procedures are continued interminably. The trial court's order requiring the parties to rearbitrate an issue which has been decided by an arbitrator is out of harmony with the basic philosophy of arbitration.

For these reasons I disagree with the majority decision.