UNITED GLASS AND CERAMIC
WORKERS OF NORTH AMER-
ICA, AFL–CIO, Plaintiff,

v.

ASG INDUSTRIES, INC., Defendant.

No. CIV–2–75–140.

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 19, 1976.

Motion for Summary Judgment April
19, 1976.

D. Bruce Shine, Kingsport, Tenn., and David Clayman, and John W. Denesey, Columbus, Ohio, for plaintiff.

Edwin O. Norris, and James W. Bradford, Jr., Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action brought by the plaintiff union to enforce compliance by the defendant employer of a binding grievance settlement entered into by the parties pursuant to their collective bargaining agreement.[1] 29 U.S.C. § 185. The defendant moved for a dismissal on the ground of lack of the Court's jurisdiction of the subject matter, and the plaintiff moved for a summary judgment. Rules 12(b)(1), 56(a), Federal Rules of Civil Procedure.

The defendant contends that this Court is without jurisdiction, since the union is attempting herein to represent persons who were not its "employees" at the time of such settlement or at the time this action was commenced. Such argument misconstrues the nature of the congressional grant of jurisdiction to the district courts.

It is provided that " * * * [s]uits for violation of contracts between an employer and a labor organization representing employees * * * may be brought in any district court of the United States. * * *" The word " * * * '[b]etween' in the statute refers to 'contracts,' not 'suits' * * *", so it is thus clear that the essence of such an action is the existence of a *contract* " * * * between an employer and a labor organization representing em-

---

1. The plaintiff sought also herein to enforce the terms of an arbitration award rendered under their collective bargaining agreement; however, the Court granted the defendant's motion for a summary judgment as to such claim. Memorandum opinion herein of April 19, 1976.

ployees. * * * ”[2] *Republic Steel Corp. v. Maddox* (1965), 379 U.S. 650, 657, 85 S.Ct. 614, 618, 13 L.Ed.2d 580, 585[8], citing *Smith v. Evening News Asso.*, 371 U.S. 195, 200, 83 S.Ct. 267, 270, 9 L.Ed.2d 246, 251 (headnote 6).

This action is not brought directly in behalf of the three former employees involved, but rather by the union as a representative of the defendant's employees in general. The mere fact that the principal beneficiaries hereof may happen to be persons who are no longer within the defendant's employ is irrelevant to the determination of the Court's jurisdiction. There is no claim that at either of the pertinent times the plaintiff was not the bargaining representative of at least some of the defendant's employees. *Cf. St. Louis Mailers' Union Local No. 3 v. Globe-Democrat Pub. Co.*, C.A. 8th (1965), 350 F.2d 879, 881[1], certiorari denied (1966), 382 U.S. 979, 86 S.Ct. 552, 15 L.Ed.2d 470, rehearing denied (1966), 383 U.S. 931, 86 S.Ct. 927, 15 L.Ed.2d 850; *International Ass'n. of Mach. v. International Air Serv.*, C.A. 4th (1962), 302 F.2d 808, 815–816[6]; *Amalgamated Meat Cutters, Etc., Local 195 v. M. Feder & Co.*, D.C.Pa. (1964), 234 F.Supp. 564, 568[5]; and *Truck Drivers & Helpers v. Grosshans & Peterson, Inc.*, D.C., 209 F.Supp. 164, 168–169[5].

“ * * * There is no merit to the contention that a union may not sue to recover wages * * * claimed by its members pursuant to the terms of a collective bargaining contract. Such a suit is among those '[s]uits for violation of contracts between an employer and a labor organization' that [29 U.S.C. § 185] was designed to permit. * * * ” *International Union v. Hoosier Cardinal Corp.* (1966), 383 U.S. 696, 699, 86 S.Ct. 1107, 1110, 16 L.Ed.2d 192, 196[1]. As has been stated, “ * * * the union here made the agreement with the employer, and the union may enforce it in the federal courts. * * * ” *Amalgamated Meat Cutters, Etc., Local 195 v. M. Feder & Co., supra*, 234 F.Supp. at 567[1–3]. The defendant's motion for a dismissal for want of jurisdiction hereby is

OVERRULED.

The following facts are established by the pleadings herein or by the affidavit submitted by the plaintiff in support of its motion for summary judgment:[3]

1) A controversy arose between the union and the employer concerning the latter's application of certain overtime procedures.

2) As a result thereof, three grievances[4] were initiated and processed pursuant to article 5 of the parties' collective bargaining agreement. The union contended that the employer had violated provisions of the aforementioned overtime procedure and had made incorrect assignments of overtime.

3) These grievances were finally resolved subsequent to a "step five" grievance meeting held on May 20–21, 1975.

4) In a letter dated June 4, 1975 the employer agreed to honor all three of these grievances and to pay the employees who were affected by the alleged improper assignment the money they would have earned but for the employer's alleged violation of the overtime procedure. Such letter was addressed to Mr. Joe T. Shockley, the union's international vice president for region 2, and was signed by Mr. Richard C. Love, the employer's director of labor relations.

---

2. As opposed to a *suit* between an employer and a labor organization representing employees.

3. The defendant did not offer any counteraffidavits or exhibits, but rested merely upon its pleadings rather than coming forward to show genuine issues of fact. *Bryant v. Commonwealth of Kentucky*, C.A. 6th (1974), 490 F.2d 1273, 1275[5]. “ * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 56(e), Federal Rules of Civil Procedure.

4. Numbers GS–410–4, GS–411–4, and F–297–4.

5) The union later accepted such settlement offer.

6) Article 5 of the parties' collective bargaining agreement provides:

* * * An agreement reached at any step of the grievance procedure * * * shall be final and binding on all parties. * * *

7) The defendant employer has not paid three of its former employees who, the union contends, were entitled to be compensated under such settlement on the ground that at the time such arrangement was entered into such individuals had voluntarily terminated their employment with it.

█ Despite such uncontroverted facts, the defendant claims that it has fully complied with the terms of the aforementioned settlement, but that, thereunder, it was not required to compensate its three former employees Messrs. Jennings, Orton, and Quillen. Apparently the argument is that, since such individuals had voluntarily terminated their employment with the defendant prior to the time such settlement was entered, they were not included in the scope of the coverage.[5] It thus appears a genuine factual dispute remains as to the terms and meaning of such contractual agreement, and for such reason summary judgment is not appropriate at this time. *Roberson v. Bitner*, D.C.Tenn. (1963), 221 F.Supp. 279, 282[4]. The plaintiff's motion for a summary judgment accordingly hereby is

OVERRULED.

## MOTION FOR SUMMARY JUDGMENT

The plaintiff trade union (union) brought this action, *inter alia*, to enforce compliance by the defendant (employer) with the terms of an arbitrator's award rendered pursuant to the collective bargaining agreement of those parties. 29 U.S.C. § 185. The employer moved for a summary judgment as

to the second count of the union's complaint. Rule 56(b), Federal Rules of Civil Procedure. That motion is meritorious.

The material facts are not in genuine dispute. Rule 56(c), Federal Rules of Civil Procedure. The union brought four grievances against the employer, claiming that there had been an improper "crossing-over" of departmental lines by the employer, contrary to the parties' agreement. Thereunder, it was contended by the union, the employer utilized its personnel from its departments, other than its factory services department, to perform certain cullet-handling, trash-removal, and similar cleaning-up functions. These duties, the union insisted, were the exclusive function of the employer's factory services department.

When a satisfactory solution to this problem did not forthcome from the grievance procedures, the issue was submitted to arbitration. The award of the arbitrator generally denied the union's grievances, but with three qualifications. One of these qualifications was that: " * * * All overtime necessary for the removal of trash or hauling of cullet should be distributed evenly among Factory Services and Production employees.* * * * "

█ This Court will not review the merits of an arbitration award made pursuant to a collective bargaining agreement, since the " * * * federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards. * * * " *United ed Steelworkers v. Enterprise Corp.* (1960), 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424, 1427 (headnote 1). Nonetheless, an arbitrator " * * * is confined to interpretation and application of the collective bargaining agreement * * * " and " * * * does not sit to dispense his own brand of industrial justice. * * * " *Ibid.*, 363 U.S. at 597, 80 S.Ct. at 1361, 4

---

**5.** The record is devoid of any indication of exactly what was agreed to in such settlement. Neither side filed herein a copy thereof.

* Under the contract of these parties, "factory services" constituted a "department" of the employer, and "production employees", as that

term was utilized by the arbitrator in his award, consisted of those employees in several separate departments of the employer's plant, other than those in its factory services department.

L.Ed.2d at 1428 (headnote 4). The award of an arbitrator is legitimate " * * * only so long as it draws its essence from the collective bargaining agreement * * * " and when " * * * the arbitrator's words manifest infidelity to this obligation, courts have no choice but to refuse enforcement of the award. * * * " *Idem.* By like token, when an arbitrator adds to, or deviates from, the expressed terms of the bargaining contract, his decision will not be enforced. *Local 342, United Automobile, A. & A. I. Wkrs. v. T. R. W.,* C.A. 6th (1968), 402 F.2d 727, 731–732[2, 3], certiorari denied (1969), 395 U.S. 910, 89 S.Ct. 1742, 23 L.Ed.2d 223.

■ Although the employer did not raise this specific issue, it appears to this Court that that portion of the arbitrator's award herein which undertook to distribute the overtime necessary for the removal of trash or hauling of cullet evenly among employees of such factory services department, on the one hand, and production employees of the defendant, on the other, was beyond the scope of the controversy submitted to the arbitrator. If this view is correct, such portion thereof cannot be enforced by this Court. *Retail Store Employees U. Loc. 782 v. Sav-On Groceries,* C.A. 10th (1975), 508 F.2d 500, 503[1], [3, 4]; *Local 791, Internat'l U. of E., R. & M. Wrkrs. v. Magnavox Co.,* C.A. 6th (1961), 286 F.2d 465, 466.

The sole issue presented to the arbitrator herein for resolution was whether the agreement of the parties contained " * * any prohibition against the employer's using employees outside the [f]actory [s]ervices department to perform certain clean-up, trash removal, and salvage type work. * * * " Thus, the issue submitted was narrowly defined and so unambiguous as to set precise limits on the breadth of any award made thereunder. See and *cf. Kroger Co. v. International Bro. of Teamsters, Etc., Loc. No. 661,* C.A. 6th (1967), 380 F.2d 728, 730–732[3], [5].

The arbitrator himself noted in his award that " * * * [o]vertime was not the basis for any of the grievances in this case * * * "; yet, he concluded that, " * * * by inference, it is indirectly involved in the matter, and it was casually mentioned at the hearing. * * * " In so doing, he arrogated unto himself the unauthorized power to dispense his own brand of industrial justice and deviated from the expressed terms of the agreement of the parties. That contract expressly provided that the employer, " * * * in so far as it reasonably can, will distribute overtime * * * within the department in which the overtime occurs. * * * " Patently, it was incumbent under that provision for the employer to distribute overtime, to the extent it could reasonably do so, with*in* the department *in* which the overtime occurred; so that, if the overtime occurred in its factory services department, it was obliged to distribute such overtime within its factory services department, and if the overtime occurred in one of its departments served by production employees, its obligation was to distribute such overtime within that specific department.

When the arbitrator undertook to usurp the employer's function in this regard, by *splitting* the overtime necessary for the removal of trash or the hauling of cullet *evenly* between employees of the employer's factory services department *and* its production employees, he both deviated from, and added to, the bargaining agreement of the parties. In addition he exceeded the clear scope of the issue submitted to him by the parties to be arbitrated.

The pleadings, exhibits, and affidavits on file herein showing that there is no genuine issue of material fact extant between these parties as to the second count of the union's complaint, and that the employer is entitled to a judgment as a matter of law thereon, the motion of the employer for a summary judgment as to such count hereby is GRANTED. Rule 56(c), *supra.* Summary judgment, accordingly, will enter that the plaintiff United Glass and Ceramic Workers of North America, AFL–CIO, take nothing from the defendant ASG Industries, Inc. as to count two of the complaint herein. Rule 58(1), Federal Rules of Civil Procedure.

All other matters hereby are RESERVED.