In the Matter of arbitration between the
WASHINGTON HOSPITAL, Petitioner,

v.

The NATIONAL UNION OF HOSPITAL
AND HEALTH CARE EMPLOYEES,
DIVISION OF RWSDU, AFL–CIO, DIS-
TRICT 1199 P, Respondent.

Civ. A. No. 77–169.

United States District Court,
W. D. Pennsylvania.

Jan. 12, 1978.

Philip J. Binotto, Jr., Gaylord W. Greenlee, Greenlee, Richman, Derrico & Posa, Washington, Pa., for petitioner.

John R. DeAngelis, Pittsburgh, Pa., for respondent.

## OPINION

COHILL, District Judge.

On February 22, 1977 Petitioner, The Washington Hospital (the "Hospital"), filed

a Motion to Vacate the December 2, 1976 arbitration award of Arbitrator James C. Duff in which he granted the grievance of Respondent, National Union of Hospital and Health Care Employees (the "Union"). Oral arguments were heard, and we took the matter under advisement. The legal question presented here is whether or not the arbitrator's award went beyond the authority granted to the arbitrator under terms of the parties' collective bargaining agreement.

### Facts

On February 1, 1976 the Hospital and the Union entered into a Collective Bargaining Agreement (hereafter "the Agreement"), which established, inter alia, the procedure for adjusting all grievances between the parties and provided that an unsatisfactorily adjusted grievance could be submitted for arbitration.

On June 7, 1976, a grievance was initiated on behalf of Delores Gray, a "floor secretary," which averred that because of seniority the Hospital had no right to assign Mrs. Gray temporarily to a later shift, without her consent or request, where other employees with less seniority could have been assigned to that shift. The matter was taken through the grievance steps provided in the Agreement and ultimately submitted to arbitration before James C. Duff, who held a hearing on the issue and on December 2, 1976 made an award granting the grievance of Mrs. Gray.

### Arbitrator's Award

The Hospital alleges that the arbitrator's decision was not the result of his interpretation and application of the Agreement but was the direct result of his use of a prior grievance to alter the express terms of the Agreement in violation of the authority granted to him. The Hospital argues further that the arbitrator failed "to draw the essence of his award from one of the terms and conditions" within the agreement.

■ Jurisdiction to review arbitration awards exists in this court pursuant to Section 301 of the Labor Management Rela-

tions Act of 1947, 29 U.S.C. § 185; however, this court's scope of review in such cases is limited. The question of interpretation of the collective bargaining agreement is basically a question for the arbitrator; a court has no business overruling him simply because its interpretation of such a contract may be different from his. *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

■ In that case, the Court stated that an arbitrator may look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. The test of whether a labor arbitrator's award draws its essence from the collective bargaining agreement, was stated in the leading case of *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1128 (3d Cir. 1969), which held that the test turns upon whether:

> ". . . the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award."

The court in *Lucas v. Philco-Ford Corp.*, 399 F.Supp. 1184, 1188 (E.D.Pa.1975), stated that the sole question is whether the arbitrator's decision is "by reason of some circumstance outside the contract itself, 'so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling.'" *International Union of Electrical, Radio and Machine Workers, AFL–CIO v. Peerless Pressed Metal Corp.*, 489 F.2d 768, 769 (1st Cir. 1973), quoting *Safeway Stores v. Bakery Workers Local 111*, 390 F.2d 79, 82 (5th Cir. 1968).

Applying the Third Circuit's test (*Ludwig, supra*) to the arbitrator's decision in the instant case, we find no manifest disregard of the Agreement. The decision referred to relative portions of the Agree-

ment, testimony from the hearing and contentions of the parties. The arbitrator observed that seniority rights and incidents are creatures of contract. The arbitrator concluded that the resolution of a prior similar grievance was a cogent precedent in this case.

It is not within the province of this court to agree or to disagree with the conclusions reached or with the specific reasoning employed. *Ludwig, supra.* The arbitrator lacks the authority to add to the Agreement by basing his decision solely on past practices instead of the Agreement itself. Mr. Duff stated in his decision that he rejected the existence of a binding past practice.

The arbitrator could have reasonably concluded that the resolution in the prior similar situation, viewed as an application by the parties to the Agreement, was an indication of the intent of the parties when they entered into the Agreement. He could have used this indication of intent in his legal construction of the contract. It is generally stated that the fundamental question in the construction of all contracts is the determination of the real intentions of the parties. Williston, Interpretation and Construction of Contracts, Ch. 22, § 601; 17A C.J.S. Contracts § 295.

Since the arbitrator's interpretation of the Agreement could have been derived from the Agreement, viewed in the light of its language, its context and indications of the parties' intentions as gleaned from their application of the Agreement, we find that the arbitrator's decision meets the *Ludwig* test and cannot be disturbed.

An appropriate order will issue.