**CAL–CIRCUIT ABCO, INC. dba Cal–Abco, Inc., Plaintiff,**

v.

**SOLBOURNE COMPUTER, INC., Defendant.**

Civ. A. No. 93–B–1086.

United States District Court, D. Colorado.

March 22, 1994.

James S. Bailey, Jr., Randall M. Livingston, Bailey, Harring & Peterson, P.C., Denver, CO, and Thomas J. McDermott, Jr. and Howard O. Boltz, Jr., Los Angeles, CA, for plaintiff.

David J. Richman, Daniel F. Wake, and Joseph S. Berman, Coghill & Goodspeed, P.C., Denver, CO, for defendant.

## ORDER

BABCOCK, District Judge.

This matter is before me on cross-motions for summary judgment. Defendant Solbourne Computer, Inc. (Solbourne) moves to dismiss plaintiff Cal–Circuit ABCO, Inc. dba Cal–Abco, Inc's (Cal–Abco) complaint, to confirm the arbitration award pursuant to 9 U.S.C. § 9 and § 14.4 of the parties' agreement (Agreement), and for attorneys' fees

and costs pursuant to § 14.4 of the Agreement, Fed.R.Civ.P. 11, and 28 U.S.C. § 1927. Cal–Abco moves to vacate the arbitration award pursuant to 9 U.S.C. § 10, or in the alternative, to correct the arbitration award pursuant to 9 U.S.C. § 11, and to confirm it as corrected. The motions are adequately briefed and oral argument will not materially aid their resolution. For the reasons set forth below, Solbourne's motion will be granted and Cal–Abco's motion will be denied.

## I.

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Here, both parties move for summary judgment and neither party contends that there are material issues of fact precluding a judgment as a matter of law. Furthermore, neither party responds to the other's summary judgment motion with specific facts demonstrating a genuine issue for trial. I agree that there are no genuine disputes of material fact and that summary judgment is now appropriate.

## II.

The following facts are undisputed. This litigation arises from an agreement (the Agreement) between Solbourne and Cal–Abco for the purchase and sale of computer equipment. The Agreement requires Cal–Abco to act as Solbourne's distributor of computer hardware and peripherals. It further requires Cal–Abco to purchase specified quantities of equipment from Solbourne pursuant to "firm (noncancellable) purchase orders". Agreement, ¶ 7.4.

A dispute arose between Cal–Abco and Solbourne concerning the performance of the parties and termination of the Agreement. Section 14.4 of the Agreement provides for arbitration of all disputes arising out of the Agreement, for arbitration as the sole and exclusive remedy for resolving disputes between the parties, and for the award of attorneys fees and costs incurred in the enforcement of an arbitration award. Pursuant to the arbitration clause, the parties submitted their dispute to arbitration.

The arbitration process began with Cal–Abco submitting its complaint in writing. In Cal–Abco's pre-hearing statement, it sought damages for lost profits in the amount of $61,756.56. Solbourne counterclaimed against Cal–Abco and submitted its claim in writing. It provided:

> Solbourne hereby gives notice of its counterclaim against Cal–Abco for breach of contract in failing to pay for an order of 87 "firm noncancellable" workstations and related peripherals. Solbourne ultimately repossessed the equipment in September 1991. Solbourne incurred lost profits due to Cal Abco's breach in the amount of $103,902.54 and expenses of $12,264.61 in repossessing the equipment.

At the arbitration hearing, Cal–Abco submitted a trial brief in which it increased the amount of its alleged lost profits damages to $1,439,375.25. Solbourne's counsel moved to strike this increase in damages. The arbitrator denied Solbourne's motion on the ground that Cal–Abco was merely amending its alleged damages for a claim that was already in the case. The arbitrator further ruled that fairness required that Solbourne be permitted likewise to amend its claim for damages. Thereafter, Solbourne amended its alleged damages for breach of contract to $391,763. Solbourne also alleged consequential lost profits of $2,652,900. At the arbitrator's request, Solbourne submitted a handwritten summation of its amended damages. As a result of these amendments, each side paid additional administrative fees to the American Arbitration Association.

The arbitration hearing took three days. After taking the matter under advisement, the arbitrator issued written findings of fact, conclusions of law, and an arbitration award. The net effect of the award was to order Cal–Abco to pay Solbourne $87,689. Thereafter, Cal–Abco filed a motion to reconsider. As a result, the arbitrator issued a modified award which had the net effect of ordering Cal–Abco to pay Solbourne $80,729.

Cal–Abco seeks to vacate, or in the alternative, to modify the arbitrator's award on the grounds that the arbitrator exceeded his jurisdiction in entering the award, demonstrated evident partiality, and based his award on erroneous data. I will deny Cal–Abco's summary judgment motion and grant Solbourne's motion because the arbitrator had jurisdiction to enter the award, there is no concrete evidence of partiality, and an evidentiary basis existed for calculating Solbourne's damages under § 4–2–709.

### III.

■ Cal–Abco's first argument for vacating the arbitration award under 9 U.S.C. § 10 is that the arbitrator exceeded his jurisdiction in entering the award. A party cannot be required to submit to arbitration any dispute which he has not agreed so to submit because arbitration is a matter of contract. *Bridgestone/Firestone, Inc. v. Local Union No. 998*, 4 F.3d 918, 921 (10th Cir.1993). The question of arbitrability is undeniably an issue for judicial determination. *Id.* Consent to arbitrate may also be implied from the parties' conduct. *Franklin Elec. Co. v. International Union, United Auto. Aerospace and Agr. Implement Workers of America (UAW)*, 886 F.2d 188, 191 (8th Cir.1989). While arbitrators are restricted to those issues submitted to them, they enjoy a broad grant of authority to fashion remedies. *Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.*, 607 F.2d 649, 651 (5th Cir.1979); *see also Retail Store Emp. Union Local 782 v. Sav–on–Groceries*, 508 F.2d 500, 503 (10th Cir.1975).

■ Cal–Abco contends that Solbourne presented a "claim" for lost profits under C.R.S. § 4–2–708 whereas the arbitrator invented a "claim" for the price of unpaid orders under C.R.S. § 4–2–709. Therefore, according to Cal–Abco, the arbitrator exceeded his authority when he based his damage award upon § 4–2–709 rather than § 4–2–708. Cal–Abco's argument fails because it is based upon a false premise.

The issue here is whether Solbourne's *claim* for damages was submitted to arbitration, not whether the specific statutory source for the remedy was presented. In writing, Solbourne presented a claim for breach of contract. From the outset, Cal–Abco knew that it had to defend against a counterclaim for breach of contract based on its alleged failure to pay for "firm (noncancellable)" purchase orders. Cal–Abco spent three days asserting its claims and defending against this counterclaim.

Cal–Abco contends that Solbourne never submitted a claim for any price of "unpaid orders". This argument is without merit. Solbourne's counterclaim expressly provided that Solbourne sought damages for "firm (noncancellable)" work stations and related peripherals. Furthermore, the handwritten summary of Solbourne's damage calculations which was prepared at the arbitrator's request identifies, among other things, Solbourne's damage calculations for "unpaid 87 machines". Cal–Abco's contention that it lacked notice of Solbourne's claim because Solbourne used the terms "87 machines" instead of "unpaid orders" is merely a matter of semantics.

Since Cal–Abco defended against Solbourne's counterclaim for breach of contract, the arbitrator was clearly acting within his jurisdiction when he awarded Solbourne damages for this claim. As for damages, the arbitrator has considerable discretion in fashioning a remedy. *Totem Marine*, 607 F.2d at 651; *Retail Store*, 508 F.2d at 503. Sections 4–2–708 and 4–2–709 describe different means for assessing damages for a breach of contract. Both of these statutes are found in part 7 of article 2 of the Uniform Commercial Code. Part 7 is titled "Remedies". Accordingly, I conclude that the arbitrator did not exceed his authority by basing his award for Solbourne's counterclaim against Cal–Abco on § 4–2–709 rather than § 4–2–708.

■ Cal–Abco further contends that vacating the award is warranted because the arbitrator demonstrated evident partiality. As the party challenging the award, Cal–Abco has the burden of proving facts which would establish a reasonable impression of partiality. *Sheet Metal Workers Intl. Assoc., Local No. 162 v. Jason Mfg., Inc.*, 900 F.2d 1392, 1398 (9th Cir.1990). It is only clear evidence of impropriety which justifies the denial of

summary confirmation of an arbitration award. *Ormsbee Development Co. v. Grace,* 668 F.2d 1140, 1147 (10th Cir.1981), *cert. denied,* 459 U.S. 838, 103 S.Ct. 84, 74 L.Ed.2d 79 (1982). For an award to be set aside, the evidence of bias must be direct, definite and capable of demonstration rather than remote, uncertain, or speculative. *Id.*

■ Here, Cal–Abco merely theorizes that the arbitrator must have been partial because he "unilaterally interjected his own, new claim and new amount after evidence was closed, and ruled upon that claim after any opportunity for hearing was terminated". As further evidence of this alleged bias, Cal–Abco contends that the arbitrator used incorrect figures in calculating the damages under the "unasserted claim". Other than these unsubstantiated allegations, Cal–Abco offers no direct evidence of bias. Accordingly, I do not find *any* basis for concluding that the arbitrator was partial in this case. I will not vacate the his award on this ground.

■ Next, I turn to the merits of the arbitrator's award. The scope of my review here is considerably more limited. The standard of review of arbitral awards is among the narrowest known to the law. *International Broth. of Elec. Workers, Local Union No. 611, AFL–CIO v. Public Service Co. of New Mexico,* 980 F.2d 616, 618 (10th Cir. 1992). The arbitrator's decision will be enforced if it draws its essence from the parties' agreements and is not merely the arbitrator's own brand of industrial justice. *United Steelwkrs of A. v. Enterprise W. & C. Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Once an arbitration award is entered, the finality of arbitration weighs heavily in its favor and cannot be upset except under exceptional circumstances. *Ormsbee,* 668 F.2d at 1146–1147. The courts are not authorized to reconsider the merits of an award even though the parties may allege the award rests on errors of fact or misinterpretations of the parties' agreement. *United Paperworkers Intern. Union, AFL–CIO v. Misco, Inc.,* 484 U.S. 29, 36, 108 S.Ct. 364, 369–70, 98 L.Ed.2d 286 (1987).

Cal–Abco contends that at a minimum, the amount of Solbourne's damages should be modified or corrected based on exhibit S–33. Cal–Abco initially raised this issue in its motion for reconsideration when it informed the arbitrator that he incorrectly used Cal–Abco's sales prices to compute the credit and that C.R.S. § 4–7–709(2) requires using Solbourne's resales prices. The arbitrator denied Cal–Abco's request to recalculate the damages on this ground and stated that "Exhibit S–33 was not in evidence at the hearing."

■ Without this exhibit, it is Cal–Abco's contention that the arbitrator had no basis for calculating the amount of damages awarded under § 4–2–709 even if it were within his jurisdiction. An award may be modified or corrected under 9 U.S.C. § 11 where there is an evident miscalculation. 9 U.S.C. § 11(a). However, in this case, I am not persuaded that there was an evident miscalculation to warrant modification. The arbitrator's award of $274,335 for the price of unpaid orders is remarkably close to the amount that Solbourne identified as damages based on the "Costs to Purchase" the 87 machines that Cal–Abco never paid for, i.e., $275,596. *See Solbourne's handwritten amended damage claim.* In light of my limited judicial review of the merits of the award, I conclude that the arbitrator was not ordering his own brand of justice, but rather based his findings on evidence submitted at the hearing. *See generally Enterprise W. & C. Corp.,* 363 U.S. at 597, 80 S.Ct. at 1361. Therefore, the award will not be vacated or modified.

Solbourne moves to confirm the arbitrator's award. Pursuant to 9 U.S.C. § 9 and ¶ 14.4 of the Agreement, I have the authority to grant Solbourne's request. Accordingly, the arbitrator's award will be confirmed. In addition, pursuant to ¶ 14.4 of the Agreement, I will award Solbourne its attorneys' fees and costs related to the enforcement of the arbitration award.

ACCORDINGLY, IT IS ORDERED that:

1) Solbourne's motion for summary judgment IS GRANTED;

2) The arbitrator's award is confirmed and judgment shall enter in Solbourne's favor for $80,729;

3) Solbourne is awarded its attorneys' fees and costs in prosecuting this action in an amount to be determined upon affidavit to be submitted in ten days; and,

4) Cal–Abco's motion for summary judgment IS DENIED.